UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,              Case No.: 12 CR 20464

    v.

                                     Hon. Stephen J. Murphy

AARON WARE,

                Defendant.

_____/


<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

I.

Factual Background

Aaron Ware was a 25 year-old student at Wayne State University when he was arrested on October 16, 2010 for transporting an illegal alien inside the United States.  He had never been arrested before and immediately began coopering with agents.  Mr. Ware explained that after his lost his job at a factory he began acting as a driver, transporting illegal immigrants from a boat landing to a hotel in exchange for money.  During this time, he also worked as a bouncer at Fishbones.

In the over three years since his arrest, Mr. Ware has continued to cooperate with authorities.  He worked as a bouncer and got another job at a factory.  In his free time he dedicated himself to training in mixed martial arts and has participated in several professional fights.

The illegal alien being transported by Mr. Ware at the time of his arrest, Bobby Reid, was found to have been carrying five firearms and a large amount of cash at the time of his arrest.  He was allowed to plead guilty to a misdemeanor and given a sentence of time served and deported.

II.

A Sentence of Probation Is Sufficient to Satisfy the Need to for Punishment and Deterrence and Is Necessary to Promote Respect for the Law and Avoid Unwarranted Sentencing Disparity

Mr. Ware stands before this Court as a 29 year-old man who was never in trouble before this arrest and likely never will be again.  He has a solid work history and is motivated and goal oriented.  This Court must impose a sentence that is sufficient but not greater than necessary to fulfill the goals of 18 U.S.C. § 3553(a)(2), those being:

(A) promoting respect for the law and providing just punishment;

(B) affording adequate deterrence;

(C) protecting the public from the defendant; and

(D) providing for the rehabilitation of the defendant.

In meeting these goals, the Court must consider the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(6).  Disparate and unnecessarily harsh sentences are avoided when the Court considers general deterrence of other *similarly situated* defendants.  The Court must fashion a sentence that will not necessarily deter anyone from committing a similar crime, but rather a sentence that will deter others similar to Mr. Ware from committing a similar crime. See, e.g, *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006) ("The need for the sentence in this case to afford adequate deterrence, and it is not deterrence of Professor Blackwell, I doubt he will ever again engage in activities of this kind, or indeed have the opportunity to do so, but it's to deter other[s] *similarly situated* from engaging in this kind of conduct that's a primary sentencing factor.") (emphasis added).

Mr. Ware is a goal-oriented young man who comes before this Court ashamed of his actions but with the support of a loving family.   Prior to his arrest he was pursuing a business degree with the goal of starting his own security firm.  His felony conviction has made this impossible as he cannot possess a firearm and cannot be bonded by the state. In fact, his felony conviction will make it difficult for him to find work with many employers.  Had Mr. Ware thought through the consequences of his actions he never

would have participated in this crime.  For this reason, a probationary sentence is sufficient to deter others like him who are contemplating involvement in similar crimes.

Additionally, this Court cannot sentence Mr. Ware in a vacuum.  It must look at the sentence received by Mr. Reid, the individual Mr. Ware was driving.  Mr. Reid is a suspected narcotics trafficker who was arrested with over $50,000 in cash and five firearms.  The goals of respect for the law and just punishment are not accomplished by simply imposing harsh sentences.  They accomplished by imposing sentences that fairly reflect relative criminal culpability.  Mr. Reid was allowed to plead guilty to a misdemeanor and give a sentence of time served.  Given Mr. Ware's lesser culpability compared to Mr. Reid, a sentence of probation is necessary to avoid an unjust disparity.

Finally, given the extremely low chance of recidivism there is no need to incarcerate Mr. Ware to protect the public.  Other than a brief period of unemployment that coincided with his involvement in this crime Mr. Ware has been consistently employed full time in various manufacturing plants.  Additionally, he has worked evenings as a bouncer and trained as a professional mixed martial arts fighter.  He is currently the head of shipping at TCP in Rochester Hills, Michigan.  Given the difficulty he would face finding employment after a sentence of imprisonment, a probationary sentence that allows him to keep his current employment is justified.

4

III.

Conculsion

Mr. Ware impresses everyone he meets as a soft-spoken thoughtful individual.  His lapse in judgment that led to his involvement in the instant offense is out of character and shocking to those who now him best.   After the Government's recommended reduction Mr. Ware's guideline range is 6-12 months, placing him within Zone B of the Sentencing Guidelines and making him eligible for a probationary sentence.  Normally a Zone B sentence would include a term of home detention or community confinement, however, because of his lack of criminal history there is no need to impose this sort of additional sanction on Mr. Ware.  Home detention or community confinement would serve no productive purpose and be a waste of public resources.  If the Court feels some additional sanction is necessary, a condition of probation requiring community service would better serve both Mr. Ware and public.

Respectfully Submitted,

LEGAL AID AND DEFENDER

s/James R. Gerometta  P60260
james_gerometta@fd.org
Federal Defender Office
613 Abbott St., 5th Floor
Detroit, MI 48226
(313) 967-5839

Date: February 21, 2014

5